UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH ALPHONSO RAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. BOYACK, et al.,<br><br>    Defendants. | No. 2:16-cv-01855-TLN-AC<br><br>**ORDER** |

Plaintiff Ralph Alphonso Ramos ("Plaintiff") is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. A jury trial is set to commence on October 21, 2019. (*See* ECF No. 40.)

On February 19, 2019, the parties submitted a joint pretrial statement. (ECF No. 38.) The Court has reviewed the parties' joint pretrial statement and notes that Plaintiff requests the Court "appoint an expert legal translator to assist him with making his arguments at trial." (ECF No. 38 at 20.) The Court does not recognize Plaintiff's request as one for a Spanish-English translator because the assistance requested extends beyond the normal responsibilities of a language translator. As such, the Court construes Plaintiff's request as a request for the appointment of legal counsel.

District courts lack the authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the plaintiff's likelihood of success on the merits as well as the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding a district court did not abuse discretion in declining to appoint counsel). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the present case, Plaintiff has adequately represented himself in the case thus far and fails to demonstrate exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel is denied without prejudice. (ECF No. 38 at 20)

Dated: October 9, 2019

Troy L. Nunley
United States District Judge